**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINIOS**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL D. CATCHINGS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LLENZA, individually and in his official capacity as a detective for the Waukegan Police Department, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, and THE CITY OF WAUKEGAN,<br><br>Defendants. | Case No.: |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., and for his Complaint at Law against Defendants, CHRISTOPHER LLENZA, individually and in his official capacity as a detective for the Waukegan Police Department, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, and THE CITY OF WAUKEGAN, states and pleads as follows:

## INTRODUCTION

1. This is an action for claims of civil rights violations brought pursuant to the laws of the Unites States and the State of Illinois. Plaintiff alleges, *inter alia*, that Defendants violated his Fourth Amendment liberties by causing Plaintiff to be wrongfully accused of, prosecuted, and detained for the July 22, 2021 retail theft of a Sally's Beauty Supply Store – a crime which Plaintiff did not commit.

2. Plaintiff further alleges that the aforesaid civil rights violations were done under the color of law, in furtherance of the established customs, policies, and/or practices of Defendant, THE CITY OF WAUKEGAN, individually, and/or by and through its employees, including, but not limited to, Defendants, CHRISTOPHER LLENZA, individually and in his official capacity as a detective for the Waukegan Police Department (hereinafter "DETECTIVE LLENZA"), SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department (hereinafter "DETECTIVE AINES"), whereby Defendant, THE CITY OF WAUKEGAN, individually, and by and through its employees, actual or apparent agents, and/or representatives, causes, encourages, and/or permits Waukegan Police Department (hereinafter "WPD") officers/detectives to make arrests for crimes prior to completing a thorough investigation into potential suspects, and subsequently incarcerate individuals for crimes in which they had no involvement.

3. Plaintiff maintains that, pursuant to the aforesaid customs, policies, and/or practices, the WPD causes, encourages, and/or permits insufficient investigation and false incarceration of civilians for crimes they did not commit, it is and was at all relevant times a routine occurrence for such actions to occur, and it is and was at all relevant times the policy, practice, and/or custom of WPD officers/detectives to make hasty arrests to close cases, thereby incarcerating numerous individuals for crimes they did not commit. Plaintiff alleges that, as a result of the actions taken in furtherance of the aforesaid policies, etc., Plaintiff's constitutionally protected liberties were violated.

4. Plaintiff asserts that all Defendants failed to intervene to prevent the wrongful arrest and detention of Plaintiff when Defendants knew or reasonably should have known, based upon the lack of evidence, that Plaintiff was innocent.

5. Plaintiff now seeks justice for the injuries he suffered, redress for his loss of liberty, and remedy for the incredible hardship that he has and will continue to endure as a result.

## PARTIES

6. Plaintiff, PAUL D. CATCHINGS, is and was at all times relevant a resident of the City of Waukegan, County of Lake, and State of Illinois.
7. Defendant, DETECTIVE LLENZA, is and was at all times relevant a resident of the State of Illinois, a WPD officer, and hereto employed by and acting under the color of law on behalf of Defendant, THE CITY OF WAUKEGAN.
8. Defendant, DETECTIVE AINES, is and was at all times relevant a resident of the State of Illinois, a WPD officer, and hereto employed by and acting under the color of law on behalf of Defendant, THE CITY OF WAUKEGAN.
9. Defendant, THE CITY OF WAUKEGAN, is an Illinois municipal corporation that is or was at all relevant times the employer of Defendants, DETECTIVE LLENZA and DETECTIVE SEAN AINES. Defendant, THE CITY OF WAUKEGAN, is a necessary party and is responsible for judgment.

## JURISDICTION AND VENUE

10. This Honorable Court has original jurisdiction pursuant to 28 U.S.C §§ 1331, 1343; 42 U.S.C. §§ 1983, 1988. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(b). Venue is proper in the Eastern Division of the United States District Court for the Northern District of Illinois, where all Defendants reside in the Eastern Division of the Northern District in the State of Illinois, and where a substantial part of Defendants' acts or omissions giving rise to Plaintiff's claims occurred in the Eastern Division of the Northern District in the State of Illinois. 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

### THE RETAIL THEFT OF SALLY BEAUTY SUPPLY STORE

11. Plaintiff restates and incorporates by reference ¶¶ 1-10 of this Complaint at Law as if fully set forth herein as ¶ 11.

12. On or about July 22, 2021, a retail theft occurred at Sally Beauty Supply, 3945 Fountain Square Plaza, Waukegan, IL 60085 (hereinafter "Sally").

13. Defendant, DETECTIVE AINES, was assigned to investigate the crime, and began circulating images captured by Sally's surveillance cameras to other WPD officers to identify the offender.

14. Upon speaking with Defendant, DETECTIVE LLENZA, Defendant, DETECTIVE AINES, was informed that DETECTIVE LLENZA believed that the offender appeared to be Plaintiff, PAUL D. CATCHINGS.

15. On or about July 27, 2021, an employee of Sally presented to the WPD building located at 101 N. West Street, in the City of Waukegan, State of Illinois, in an attempt to identify the offender via a photograph lineup.

16. The photograph lineup included a photograph of Plaintiff, PAUL D. CATCHINGS, and photographs of five other individuals, for a total of six potential suspects for the Sally employee to choose from.

17. The Sally employee indicated that she was deciding between two images, one of which was that of Plaintiff, PAUL D. CATCHINGS, but ultimately could not identify anyone in the lineup.

18. Despite the Sally employee's uncertainty and inability to identify the offender, Defendant, DETECTIVE AINES, followed the Sally employee to the WPD front desk to "clarify" her

decision.

19. The Sally employee ruled out four of the six images presented by Defendant, DETECTIVE AINES.

20. The Sally employee again repeated that she was deciding between two images, one of which was that of Plaintiff, PAUL D. CATCHINGS, and indicated that the photograph of Plaintiff appeared to resemble the offender the most closely.

21. The Sally employee further noted that her hesitation between the photograph of Plaintiff, PAUL D. CATCHINGS, and the other individual was due to the other individual's stature, which was similar to that of the offender.

22. Despite the Sally employee's failure to identify the offender, Defendant, DETECTIVE AINES, pulled images from Plaintiff's Facebook page and researched Plaintiff's criminal record – discovering one conviction for theft in the County of Cook, State of Georgia, in 1998.

23. Defendant, DETECTIVE AINES, subsequently concluded of his own volition that Plaintiff, PAUL D. CATCHINGS, was responsible for the theft that had occurred five days prior to the July 27, 2021 photograph lineup.

24. Defendant, DETECTIVE AINES, without a positive identification by the Sally employee or any additional evidence of the offender's identity, then sought an arrest warrant for Plaintiff, PAUL D. CATCHINGS, which was issued on September 14, 2021 for two counts of retail theft.

25. Upon information and belief, Defendant, DETECTIVE AINES, acting on personal and/or racial animus toward Plaintiff, knowingly and/or recklessly provided false and/or misleading statements and/or written documentation to the Judge issuing the arrest warrant

in an attempt to support his baseless suspicion that Plaintiff, PAUL D. CATCHINGS, was the offender in question. Pleading in the alternative: upon information and belief, Defendant, DETECTIVE AINES, knowingly and/or recklessly provided false and/or misleading statements and/or written documentation to the Judge issuing the arrest warrant in an attempt to support Defendant, DETECTIVE LLENZA's baseless and personally and/or racially motivated suspicion and false identification of Plaintiff, PAUL D. CATCHINGS, as the offender in question.

26. At the time of the theft, Plaintiff, PAUL D. CATCHINGS, worked for St. Vincent de Paul in Libertyville as an assistant manager.

**THE ARREST OF PAUL D. CATCHINGS**

27. Over a year following the theft, on August 3, 2022, which was coincidentally his birthday, Plaintiff, PAUL D. CATCHINGS, was driving to the bank to make a deposit for St. Vincent de Paul.

28. Plaintiff was stopped at a traffic light on Milwaukee Avenue in the Village of Libertyville, State of Illinois, and upon receiving a green light, he entered the parking lot of the bank.

29. A Libertyville Police Officer who was next to him at the light pulled behind Plaintiff, followed him into the bank parking lot, and activated the lights on his squad car.

30. The Libertyville Police Officer informed Plaintiff, PAUL D. CATCHINGS, that he had an active arrest warrant, for which he was placing him under arrest.

31. Despite being close to his place of employment, the Libertyville Police Officer would not allow another employee from St. Vincent de Paul to obtain the bank deposit Plaintiff had in his possession.

32. As such, Plaintiff had to be booked into the Lake County Jail with his company's bank

deposit.

33. Plaintiff, PAUL D. CATCHINGS, was incarcerated at the Lake County Jail for approximately one day for a crime he did not commit.

34. Plaintiff, PAUL D. CATCHINGS, was required to pay a $350.00 bond in order to be released from the Lake County Jail.

35. As a result of being in his vehicle at the time of his false arrest, Plaintiff, PAUL D. CATCHINGS, was required to pay $295.00 to a private towing company to retrieve his towed vehicle. He was further required to pay $500.00 to the Libertyville Police Department in connection with his towed vehicle.

**EMPLOYMENT OF PAUL D. CATCHINGS**

36. On August 22, 2022, the Volunteer President/CEO of St. Vincent de Paul wrote a letter to Lake County Assistant Public Defendant Gavin Robinson, indicating that Plaintiff was at work at the time of the retail theft at Sally, further proving Plaintiff, PAUL D. CATCHINGS', innocence.

37. On August 25, 2022, a nolle pros Order was entered in Lake County, Illinois, dismissing the criminal charges against Plaintiff, PAUL D. CATCHINGS, as a result of the letter, along with timesheets, from his employer, proving he was working at the time of the retail theft.

38. Upon returning to his job as an assistant manager at St. Vincent de Paul, despite proving he had no involvement in the crime but due to the fact that he was in possession of the organization's bank deposit at the time of his false arrest, Plaintiff, PAUL D. CATCHINGS, learned he had essentially been stripped of all his assistant manager duties, the vast majority of which consisted of handling the organization's money.

39. As he had no way of performing any of his job duties due to his false arrest and incarceration, Plaintiff, PAUL D. CATCHINGS, had no choice but to terminate his employment with St. Vincent de Paul.

40. Prior to his arrest and incarceration, Plaintiff, PAUL D. CATCHINGS, planned to retire from St. Vincent de Paul; this incident also resulted in the loss of his health insurance benefits.

41. While Plaintiff was able to quickly secure new employment elsewhere, he had to take a $2.50-per-hour pay cut from his hourly wage at St. Vincent de Paul.

42. As a result of having to terminate his employment with St. Vincent de Paul, Plaintiff, PAUL D. CATCHINGS, lost approximately $17,500.00 in wages he would have earned had he been able to retire as planned.

43. Furthermore, Plaintiff, PAUL D. CATCHINGS, had to borrow money from his pastor in order to post the bond amount. The false arrest and incarceration also lead several of his friends and associates to lose confidence in him, all of which was incredibly humiliating for Plaintiff, PAUL D. CATCHINGS.

**COUNT I**

**42 U.S.C. § 1983 – Malicious Prosecution v. Christopher Llenza**

44. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 44 of this Count I.

45. As described above, Defendant, DETECTIVE LLENZA, while acting within the scope of his employment and under the color of law and authority as an investigator, individually and/or jointly deprived Plaintiff, PAUL D. CATCHINGS, of his constitutional rights.

46. Defendant, DETECTIVE LLENZA, while acting individually, jointly, and under the color

of law and within the scope of his employment, instituted criminal proceedings against Plaintiff without any probable cause when he baselessly informed Defendant, DETECTIVE AINES, that Plaintiff, PAUL D. CATCHINGS, was responsible for the Sally retail theft when he knew or reasonably should have known that his identification of Plaintiff was solely based off the color of his skin, in violation of the Fourth Amendment of the U.S. Constitution.

47. Defendant, DETECTIVE LLENZA's, misconduct directly resulted in the unjust processing and detention of Plaintiff, PAUL D. CATCHINGS, thereby denying him his constitutional right.

48. The conduct described in this Count was objectively unreasonable and was undertaken intentionally and maliciously, with reckless indifference to the rights of others, without any probable cause, for a purpose other than bringing Plaintiff to justice, and with total disregard for the truth and Plaintiff, PAUL D. CATCHINGS', innocence.

49. Defendant, DETECTIVE LLENZA's, misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

50. As a direct and proximate result of Defendant, DETECTIVE LLENZA's, misconduct described in this Count, Plaintiff, PAUL D. CATCHINGS, was deprived of the rights, privileges, and immunities secured to him by the Fourth Amendment to the U.S. Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his

injuries. Therefore, Defendant, DETECTIVE LLENZA, is liable to Plaintiff, PAUL D. CATCHINGS, pursuant to 42 U.S.C § 1983.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, CHRISTOPHER LLENZA, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT II

### 42 U.S.C. § 1983 – Malicious Prosecution v. Sean Aines

51. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 51 of this Count II.

52. As described in detail above, Defendant, DETECTIVE AINES, while acting within the scope of his employment and under the color of law and authority as an investigator, individually and/or jointly deprived Plaintiff, PAUL D. CATCHINGS, of his constitutional rights.

53. Defendant, DETECTIVE AINES, while acting individually, jointly, and under the color of law and within the scope of his employment, instituted criminal proceedings against Plaintiff without any probable cause when he baselessly and inefficiently conducted an investigation and pursued an arrest warrant for Plaintiff, when he knew or reasonably should have known that the evidence he provided to the Judge issuing the warrant was inaccurate, insufficient, and/or based solely on racial or personal animus, in violation of the Fourteenth Amendment of the U.S. Constitution.

54. Defendant, DETECTIVE AINES', misconduct directly resulted in the unjust processing

and detention of Plaintiff, PAUL D. CATCHINGS, thereby denying him his constitutional right.

55. The conduct described in this Count was objectively unreasonable and was undertaken intentionally and maliciously, with reckless indifference to the rights of others, without any probable cause, for a purpose other than bringing Plaintiff to justice, and with total disregard for the truth and Plaintiff, PAUL D. CATCHINGS', innocence.

56. Defendant, DETECTIVE AINES', misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

57. As a direct and proximate result of Defendant, DETECTIVE AINES', misconduct described in this Count, Plaintiff, PAUL D. CATCHINGS, was deprived of the rights, privileges, and immunities secured to him by the Fourth Amendment to the U.S. Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries. Therefore, Defendant, DETECTIVE AINES, is liable to Plaintiff, PAUL D. CATCHINGS, pursuant to 42 U.S.C § 1983.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT III

### 42 U.S.C. § 1983 – Conspiracy v. Christopher Llenza

58. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 58 of this Count III.

59. At all relevant times, Defendants, DETECTIVE LLENZA and DETECTIVE AINES, were under agreement between themselves to frame Plaintiff, PAUL D. CATCHINGS, for the retail theft of Sally, and thereby deprived Plaintiff of his constitutional rights, as described in the preceding paragraphs of this Complaint at Law.

60. In the manner described in this Count and the preceding paragraphs of this Complaint at Law, Defendant, DETECTIVE LLENZA, acting in concert with his co-conspirator, Defendant, DETECTIVE AINES, conspired through concerted action to accomplish an unlawful goal by unlawful means.

61. In furtherance of the aforesaid conspiracy, Defendant, DETECTIVE LLENZA, acting in concert with his co-conspirator, Defendant, DETECTIVE AINES, committed overt conspiratorial acts and was an otherwise willful participant in unlawful joint activity when he knowingly, intentionally, and maliciously assisted in instituting and/or himself instituted criminal proceedings against Plaintiff, PAUL D. CATCHINGS, without any probable cause and for a purpose other than bringing the Plaintiff to justice, for a crime with which the Plaintiff had no involvement.

62. Defendant, DETECTIVE LLENZA's, misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, for a purpose other than bringing Plaintiff, PAUL D. CATCHINGS to justice.

63. Defendant, DETECTIVE LLENZA's, misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

64. As a direct and proximate result of Defendant, DETECTIVE LLENZA's, misconduct described in this Count, Plaintiff, PAUL D. CATCHINGS, was deprived of the rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the U.S. Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries. Therefore, Defendant, DETECTIVE LLENZA, is liable to Plaintiff, PAUL D. CATCHINGS, pursuant to 42 U.S.C § 1983.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, CHRISTOPHER LLENZA, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT IV

### 42 U.S.C. § 1983 – Conspiracy v. Sean Aines

65. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 65 of this Count IV.

66. At all relevant times, Defendants, DETECTIVE LLENZA and DETECTIVE AINES, were under agreement between themselves to frame Plaintiff, PAUL D. CATCHINGS, for the

retail theft of Sally, and thereby deprived Plaintiff of his constitutional rights, as described in the preceding paragraphs of this Complaint at Law.

67. In the manner described in this Count and the preceding paragraphs of this Complaint at Law, Defendant, DETECTIVE AINES, acting in concert with his co-conspirator, Defendant, DETECTIVE LLENZA, conspired through concerted action to accomplish an unlawful goal by unlawful means.

68. In furtherance of the aforesaid conspiracy, Defendant, DETECTIVE AINES, acting in concert with his co-conspirator, Defendant, DETECTIVE LLENZA, committed overt conspiratorial acts and was an otherwise willful participant in unlawful joint activity when he knowingly, intentionally, and maliciously instituted criminal proceedings against Plaintiff, PAUL D. CATCHINGS, without any probable cause and for a purpose other than bringing the Plaintiff to justice, for a crime with which the Plaintiff had no involvement.

69. Defendant, DETECTIVE AINES', misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, for a purpose other than bringing Plaintiff, PAUL D. CATCHINGS to justice.

70. Defendant, DETECTIVE AINES', misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

71. As a direct and proximate result of Defendant, DETECTIVE AINES', misconduct described in this Count, Plaintiff, PAUL D. CATCHINGS, was deprived of the rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the U.S. Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and

continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries. Therefore, Defendant, DETECTIVE AINES, is liable to Plaintiff, PAUL D. CATCHINGS, pursuant to 42 U.S.C § 1983.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT V

### 42 U.S.C. § 1983 – *Monell* Liability v. The City of Waukegan

72. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 72 of this Count V.

73. Defendant, THE CITY OF WAUKEGAN, by and through Defendants, DETECTIVE LLENZA and DETECTIVE AINES, in their official capacity as agents and/or employees of WPD acting within their authority and under the color of state law, instituted and followed practices, customs, and policies which directly resulted in the malicious prosecution of Plaintiff, PAUL D. CATCHINGS, which was the moving force causing his unlawful detention and is actionable under 42 U.S.C. § 1983, as a violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

74. Defendant, THE CITY OF WAUKEGAN, has exhibited a widespread custom, practice, and/or policy of violating these rights, as exhibited by the numerous arrests and unlawful detentions of civilians that have brought other lawsuits against this Defendant for the same

or similar reasons as the Plaintiff herein.

75. By encouraging and failing to discipline its officers for these constitutional violations, Defendant, THE CITY OF WAUKEGAN, has ratified its officers' decisions and reasons for those decisions, thus constituting a practice, custom, and/or policy.

76. Alternatively, the officers acting in the investigation and on the scene were the final policy makers for Defendant, THE CITY OF WAUKEGAN, as their decisions were not immediately nor effectively reviewable.

77. In addition, as a direct and proximate result of the aforementioned acts and/or omissions of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through Defendants, DETECTIVE LLENZA and DETECTIVE AINES, in their official capacity as agents and/or employees of WPD, the Plaintiff, PAUL D. CATCHINGS, was thereby injured internally, externally, and otherwise, both temporarily and permanently. Plaintiff thereby suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries. Therefore, Defendant, THE CITY OF WAUKEGAN, is liable to Plaintiff, PAUL D. CATCHINGS, pursuant to 42 U.S.C § 1983.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT VI

**State Law Claim – Intentional Infliction of Emotional Distress v. Christopher Llenza**

78. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 78 of this Count VI.

79. On or about July 27, 2021 and continuing through August 3, 2022, and at all relevant times, Defendant, DETECTIVE LLENZA, individually and/or jointly and in conspiracy with Defendant, DETECTIVE AINES, caused Plaintiff, PAUL D. CATCHINGS, to suffer severe emotional distress by knowingly, intentionally, and maliciously causing Plaintiff to be maliciously prosecuted, without any probable cause, for a crime with which he had no involvement.

80. The actions, omissions, and conduct of Defendant, DETECTIVE LLENZA, were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause Plaintiff, PAUL D. CATCHINGS', injury or were done with reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

81. As a direct and proximate result of Defendant, DETECTIVE LLENZA's, misconduct described in this Count, Plaintiff, PAUL D. CATCHINGS, suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys,

O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, CHRISTOPHER LLENZA, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT VII

**State Law Claim – Intentional Infliction of Emotional Distress v. Sean Aines**

82. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 82 of this Count VII.

83. On or about July 27, 2021 and continuing through August 3, 2022, and at all relevant times, Defendant, DETECTIVE AINES, individually and/or jointly and in conspiracy with Defendant, DETECTIVE LLENZA, caused Plaintiff, PAUL D. CATCHINGS, to suffer severe emotional distress by knowingly, intentionally, and maliciously causing Plaintiff to be maliciously prosecuted, without any probable cause, for a crime with which he had no involvement.

84. The actions, omissions, and conduct of Defendant, DETECTIVE AINES, were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause Plaintiff, PAUL D. CATCHINGS', injury or were done with reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

85. As a direct and proximate result of Defendant, DETECTIVE AINES', misconduct described in this Count, Plaintiff, PAUL D. CATCHINGS, suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS,

has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT VIII

### State Law Claim - Intentional Infliction of Emotional Distress v. The City of Waukegan

86. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 86 of this Count VIII.
87. Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to, Defendants, DETECTIVE LLENZA and DETECTIVE AINES, ordered, directed, permitted, encouraged, and/or otherwise facilitated the unfounded and unconstitutional investigation, arrest, detention, and prosecution of Plaintiff, PAUL D. CATCHINGS.
88. The actions, omissions, and conduct of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to, Defendants, DETECTIVE LLENZA and DETECTIVE AINES, were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause Plaintiff, PAUL D. CATCHINGS', injury or were done with reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

89. As a direct and proximate result of the misconduct of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, Plaintiff, PAUL D. CATCHINGS, suffered loss of liberty, great mental anguish, humiliation, degradation, severe emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT IX

**State Law Claim – Willful and Wanton Misconduct v. Christopher Llenza**

90. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 90 of this Count IX.

91. Defendant, DETECTIVE LLENZA, individually and as agent, employee, and/or servant of WPD, had a duty to refrain from willful and wanton misconduct.

92. At all times relevant, Plaintiff, PAUL D. CATCHINGS, exercised ordinary care for his own safety.

93. On or about July 27, 2021, Defendant, DETECTIVE LLENZA, acted with reckless disregard and/or willful and wanton intent, and showed an utter indifference as to the constitutional rights of the Plaintiff, PAUL D. CATCHINGS, when he baselessly informed Defendant, DETECTIVE AINES, that Plaintiff, PAUL D. CATCHINGS, was responsible

for the Sally retail theft when he knew or reasonably should have known that his identification of Plaintiff was solely based off the color of his skin and/or personal animus, in violation of the Fourth Amendment of the U.S. Constitution.

94. Defendant, DETECTIVE LLENZA's, misconduct directly resulted in the malicious prosecution, unjust arrest, processing, and detention of Plaintiff, PAUL D. CATCHINGS, thereby denying him his constitutional right to be free from such conduct.

95. In addition, as a direct and proximate result of the aforementioned acts and/or omissions of Defendant, DETECTIVE LLENZA, Plaintiff, PAUL D. CATCHINGS, suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, CHRISTOPHER LLENZA, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT X

### State Law Claim – Willful and Wanton Misconduct v. Sean Aines

96. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as if fully set forth herein as ¶ 96 of this Count X.

97. Defendant, DETECTIVE AINES, individually and as agent, employee, and/or servant of WPD, had a duty to refrain from willful and wanton misconduct.

98. At all times relevant, Plaintiff, PAUL D. CATCHINGS, exercised ordinary care for his own safety.

99. On or about July 27, 2021 and continuing through August 3, 2022, Defendant, DETECTIVE AINES, acted with reckless disregard and/or willful and wanton intent, and showed an utter indifference as to the constitutional rights of the Plaintiff, PAUL D. CATCHINGS, when he maliciously conducted an investigation into, pursued the arrest of, and instituted criminal proceedings against Plaintiff, without any probable cause, when he knew or reasonably should have known that the evidence was inaccurate and insufficient, in violation of the Fourth Amendment of the U.S. Constitution.

100. In addition, as a direct and proximate result of the aforementioned acts and/or omissions of Defendant, DETECTIVE AINES, Plaintiff, PAUL D. CATCHINGS, suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

## COUNT XI

### State Law Claim – Willful and Wanton Misconduct v. The City of Waukegan

101. Plaintiff restates and incorporates by reference ¶¶ 1-43 of this Complaint at Law as

if fully set forth herein as ¶ 101 of this Count XI.

102. Defendant, THE CITY OF WAUKEGAN, by and through its agents, employees, and/or servants, Defendants, DETECTIVE LLENZA and DETECTIVE AINES, had a duty to refrain from willful and wanton misconduct.

103. At all times relevant, Plaintiff, PAUL D. CATCHINGS, exercised ordinary care for his own safety.

104. On or about July 27, 2021, Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its agent, employee, and/or servant, DETECTIVE LLENZA, acted with reckless disregard and/or willful and wanton intent, and showed utter indifference to the constitutional rights of the Plaintiff, PAUL D. CATCHINGS, when DETECTIVE LLENZA baselessly informed Defendant, DETECTIVE AINES, that Plaintiff, PAUL D. CATCHINGS, was responsible for the Sally retail theft when he knew or reasonably should have known that his identification of Plaintiff was solely based off the color of his skin.

105. On or about July 27, 2021 and continuing through August 3, 2022, Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its agent, employee, and/or servant, DETECTIVE AINES, acted with reckless disregard and/or willful and wanton intent, and showed utter indifference to the constitutional rights of the Plaintiff, PAUL D. CATCHINGS, when DETECTIVE AINES when he maliciously conducted an investigation into, pursued the arrest of, and instituted criminal proceedings against Plaintiff, without any probable cause, when he knew or reasonably should have known that the evidence was inaccurate and insufficient.

106. In addition, as a direct and proximate result of the aforementioned acts and/or omissions of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through

Defendants, DETECTIVE LLENZA and DETECTIVE AINES, in their official capacity as agents and/or employees of WPD, Plaintiff, PAUL D. CATCHINGS, suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, PAUL D. CATCHINGS, has or will become compelled to pay out divers large sums of money in endeavoring to remedy his injuries.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XII**

**State Law Claim – Indemnification v. The City of Waukegan**

107. Plaintiff restates and incorporates by reference ¶¶ 1-106 of this Complaint at Law as if fully set forth herein as ¶ 107 of this Count XII.

108. Illinois Law provides that public entities may be directed to pay any tort judgment for compensatory damages for injuries resulting from the conduct of its employees while acting within the scope of their employment.

109. While committing the misconduct alleged in the preceding paragraphs of this Complaint at Law, Defendants, DETECTIVE LLENZA and DETECTIVE AINES, were employees, actual or apparent agents, and/or representatives of Defendant, THE CITY OF WAUKEGAN, acting within the scope of their employment, actual or apparent agency, and/or representation thereof.

110. Defendant, THE CITY OF WAUKEGAN, is obligated under Illinois Law to pay

any judgment entered against Defendants, DETECTIVE LLENZA and DETECTIVE AINES.

WHEREFORE, Plaintiff, PAUL D. CATCHINGS, by and through his attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**JURY DEMAND**

Plaintiff, PAUL D. CATCHINGS, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

Respectfully Submitted,

O'CONNOR LAW FIRM, LTD.

*/s/ Kevin W. O'Connor*
Kevin W. O'Connor

O'CONNOR LAW FIRM, LTD.
ARDC No.: 6216627
100 South Wacker Drive, Suite 350
Chicago, Illinois 60606
P: (312) 906-7609
F: (312) 263-1913
koconnor@koconnorlaw.com
firm@koconnorlaw.com
*Attorneys for Plaintiff*